UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br>    Plaintiff,<br>    v.<br>WILLIAM MUNIZ, et al.,<br>    Defendants. | Case No. 17-cv-07307-SI<br><br>**ORDER TO SHOW CAUSE RE.<br>CONTEMPLATED DISMISSAL**<br><br>Re: Dkt. Nos. 1, 4, 5, 6, 8 |

A. <u>Order To Show Cause Re. Contemplated Dismissal</u>

Adrian Moon, a prisoner at Salinas Valley State Prison, filed this *pro se* civil rights action complaining of conditions at that prison. He also has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to an action that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to an

action "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only actions within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Moon has filed many actions does not alone warrant dismissal of the present action under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Moon is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Moon v. Johnson*, C. D. Cal. No. 12-632-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (2) *Moon v. Johnson*, C. D. Cal. No. 12-1514-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (3) *Moon v. Johnson*, C. D. Cal. No. 12-4972-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (4) *Moon v. Baca*, C. D. Cal. No. 12-5754-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); and (5) *Moon v. Baca*, C. D. Cal. No. 12-7697-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim). The Ninth Circuit already has agreed with the Central District of California's conclusion that Moon has three qualifying dismissals. *See Moon v. Baca,* Ninth Cir. No. 12-56630 ("the district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be

granted").[1] The court made its evaluation of these actions based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Moon does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **February 13, 2018,** why *in forma pauperis* status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, Moon may avoid dismissal by paying the full $400.00 filing fee by the deadline.

B. Miscellaneous Matters

Moon has filed several miscellaneous motions. First, he filed an *ex parte* application to consolidate this action with a habeas action pending in this district and two actions pending in the Central District of California. The application is DENIED. Docket No. 4. If, as Moon states in his application, the four actions are the same, the proper approach is for him to dismiss this action because pursuit of the same claims in four different actions is plainly frivolous.

Second, he filed an "*ex parte* application for notice of errata," in which he argued that this action should not have been assigned to the undersigned because she had disqualified herself in Case No. 14-cv-1638 SI "after it was discovered that Defendant Susan Y. Illston directed co-defendants at the CCI Tehachapi stronghold to throw me into Administrative Segregation for filing a sanctions motion against Edmund G. Brown Jr." Docket No. 5. The application is DENIED as frivolous because the facts are so wrong. Docket No. 5. There was no such discovery that the undersigned directed prison officials to do anything. Moreover, although recusal was sought in that action by Moon (who is a seasoned filer of recusal motions against many different

---

[1] Moon's meritless actions were so plentiful that, a few years ago, the Ninth Circuit took the highly unusual step of imposing a pre-filing review order on Moon's appeals because of Moon's "practice of burdening this court with meritless litigation." *See In re. Moon*, Ninth Cir. No. 14-80006, Docket No. 3 (January 24, 2014 order to show cause) and Docket No. 5 (March 12, 2014 pre-filing review order)).)

3

judges (*see* Docket No. 24 at 2-3 & n.1 in *Moon v. Brown*, 14-cv-1638 SI)), the undersigned denied his recusal motion. Insofar as the *ex parte* application is intended to be a recusal motion in the present action, the motion is DENIED because Moon has not shown that recusal is warranted under either 28 U.S.C. § 144 or § 455 based on his conclusory allegations of bias. "[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts so require.'" *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (citation omitted).

Third, Moon filed an *ex parte* application for a temporary restraining order to provide for his immediate release from custody. The application is DENIED. Docket No. 7. A writ of habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Moon has a petition for writ of habeas corpus pending in this district.

Fourth, Moon filed an *ex parte* application "for referral of the en-captioned cases to Homeland Security Dept., Federal Bureau of Investigation Sacramento Office and District Attorneys Office Of Monterey County." Docket No. 8. The application is DENIED as meritless. Moon remains free to contact those organizations directly.

Each of these four meritless applications had the captions for four different actions. When the same application is filed in multiple actions, it must be considered in each action. This is a waste of judicial resources, particularly given that Moon is so clearly not entitled to the relief he seeks. To avoid similar consumption of judicial resources in the future, Moon may not file any application, request or motion in this action that has a caption for any other action on the first page -- in other words, anything he files in this action may have *only* the case name and case number for this action (i.e., Case No. 17-cv-7307 SI) on the first page. Further, the court will not entertain

any other applications, requests, or motions in this action until after Moon has filed his response to this order to show cause.

**IT IS SO ORDERED**.

Dated: January 18, 2018

_____
SUSAN ILLSTON
United States District Judge