UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br>    Plaintiff,<br>    v.<br>WILLIAM MUNIZ, et al.,<br>    Defendants. | Case No. 17-cv-07307-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 2, 11, 12, 13, 14 |

This action is now before the court for review of Adrian Moon's response to an order to show cause why pauper status should not be disallowed. For the reasons discussed below, pauper status will not be allowed, and the action will be dismissed.

On January 18, 2018, the court ordered Moon to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g). That section provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The order to show cause identified five prior dismissals that appeared to count as qualifying dismissals under § 1915(g), stated that Moon did not appear to be under imminent danger of serious physical injury when he filed the complaint, and ordered Moon to show cause why pauper status should not be denied and the action should not be dismissed. Docket No. 10. The order to show cause further stated that Moon also could avoid dismissal by paying the filing fee by the deadline.

Moon has filed a response to the order to show cause. Docket No. 17. Although his response is largely incomprehensible, he appears to argue that the court has a duty to first screen his complaint for pleas of imminent danger and for the existence of cognizable claims. *See* Docket No. 17 at 2. The court has reviewed the complaint and determined that Moon has not included any allegations that plausibly suggest he is under imminent danger of serious physical injury. *See generally Andrews v. Cervantes*, 493 F.3d 1047, 1053 & n.5 (9th Cir. 2007) (whether imminent danger exists is to be determined at the time of filing the complaint; the conditions that existed at some earlier or later time are not relevant). But the court does not have a duty to determine whether there are cognizable claims pled before determining whether § 1915(g) precludes pauper status for a plaintiff. The court can choose not to screen the complaint for cognizable claims until the plaintiff either avoids the reach of § 1915(g) or pays the full filing fee. Moon has done neither.

Moon also argues in his response to the order to show cause that the undersigned should recuse herself. He argues that the undersigned should reverse her order directing Judge Gonzalez Rogers "not to timely adjudicate over (20) twenty *ex parte* applications." Docket No. 17 at 2. That argument is frivolous, as there has been no such order directing Judge Gonzalez Rogers to do anything. He also argues that the undersigned should recuse as she is a named defendant. *Id.* at 3. That is factually incorrect: the undersigned is not a defendant in this action. And Moon resorts to old-fashioned name-calling and insults, but those are not grounds for recusal. As the court noted in denying Moon's last motion to recuse, "'a judge has "as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts so require."'" Docket No. 10 at 4 (quoting *Clemens v. U.S. Dist. Court for Central Dist. of Cal.,* 428 F.3d 1175, 1179 (9th Cir. 2005) (citation omitted)). No basis for recusal having been shown, the request for recusal is DENIED.

Each of the five earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Moon has not paid the filing fee, has not shown that any of the prior dismissals could not be counted under § 1915(g), did not appear to be in imminent danger of

2

serious physical injury at the time he filed his complaint, and does not otherwise show cause why this action could not be dismissed. For the foregoing reasons, Plaintiff's *in forma pauperis* application is DENIED. Docket No. 2. This action is DISMISSED for failure to pay the filing fee. The dismissal is without prejudice to Moon asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action.

In light of the dismissal of this action, Moon's several *ex parte* applications to have Chief Judge Hamilton issue various rulings in this action are DISMISSED as moot. Docket Nos. 11, 12, 13, and 14. Even if they were not moot, the applications would be dismissed as improper, as the chief judge does not sit to issue rulings in other district judges' cases. In other words, the chief judge does not have some sort of appellate review role vis-à-vis the rulings of other district judges.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 27, 2018

SUSAN ILLSTON
United States District Judge